RIO GRANDE &· EAGLE PASS RAILWAY COMPANY v. DANIEL
MILMO ET AL.

No. 2915.

1. **Defenses in Trespass to Try Title.**—The defendant in an action of trespass to try title pleaded not guilty and title under a foreclosure sale under a mortgage by a railway company, of which one Hunt was president; that Hunt had bought the land for the railway company. The plaintiff exhibited a title under Hunt. It was shown that he had paid for the land. *Held*, that under these defenses the defendant could not es- establish a parol executed sale by Hunt to it.

2. **Acts of Receiver.**—The rights of the true owner of the property could not be prejudiced by any act or admission of a receiver who had it temporarily in charge. Acts of receiver were irrelevant upon the issue of title to the land in litigation.

3. **Immaterial Error.**—As under the testimony no other judgment could have been rendered had the testimony to the acts of the receiver been excluded, the admission was immaterial.

APPEAL from Webb. Tried below before Hon. J. C. Russell
The opinion contains a statement.

*Atlee & Earnest*, for appellant.—If Hunt, being president of the Rio Grande & Pecos Railway Company, purchased land for said company, giving therefor his personal note in payment, intending at the time of such purchase to convey the property to the railway company when it should pay him the purchase money, and immediately on such purchase the company entered on the land, improved it, and has ever since used it for depot grounds and claimed to own it, the railway company acquired thereby an equitable title to the land, and on payment of the note and accrued interest, or a portion thereof, by the railway company it was entitled to a conveyance. Hunt became trustee, which he at no time denied, and of his fiduciary relation to the railway company the intervenor had notice by reason of the company's possession and use of the land. Smith v. Strahan, 16 Texas, 314; Kennedy v. Baker, 59 Texas, 150; Wethered v. Boon, 17 Texas, 143; Perry on Trusts, secs. 14, 206, 207, 221, 223; 1 Story Eq. Jur., sec. 533; 2 Story Eq. Jur., secs. 1257, 1258, 1261c, 1261d, 1201a, 1211a; 2 Pome. Eq., secs. 981, 982.

Possession is notice. Woodson v. Collins, 56 Texas, 168; 2 Washb. on Real Prop., 4 ed., "Trusts," 20, 21, 23; "Uses," 15, 16, 17.

*Nicholson & Dodd*, for appellees, cited Luter v. Rose, 20 Texas, 648; Page v. Arnim, 29 Texas, 72; Greeneaux v. Wheeler, 6 Texas, 522; Brown v. Hobbs, 19 Texas, 169; Brock v. Jones, 16 Texas, 466; Miller v. Brownson, 50 Texas, 596; House v. Stone, 64 Texas, 683; Bradford v. Hamilton, 7 Texas, 57; Simpson v. McLemore, 8 Texas, 450; Teal v. Terrell, 48 Texas, 509.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by Daniel Milmo against the appellant, to recover a block of land lying in the city of Laredo.

The Milmo National Bank intervened, asserting its ownership to the land.

The defendant pleaded not guilty, and specially pleaded that plaintiff and the intervenor claimed title to the land under a deed from one Martin to A. C. Hunt; that Martin conveyed the land to Hunt to hold in trust for the Rio Grande & Pecos Railway Company, of which Hunt was at the time the president; that the purchase of the land by Hunt was made for the railway company, to be used by it as a depot site, and was paid for with funds belonging to the railway company; that after its purchase the railway company took possession of the land and built upon it its tracks and depots, and was occupying and using it for said purposes at and before the time of the acquisitions by plaintiff and intervenor of their claims thereto; that the Rio Grande & Pecos Railway Company made a mortgage in which said land was included, which was afterwards foreclosed and the property was purchased by defendant at the sale made under the decree of foreclosure.

The defendant also pleaded possession and improvements in good faith as prescribed in the action of trespass to try title.

The intervenor pleaded its title through the deed to A. C. Hunt, and that from the date of its purchase the Rio Grande & Pecos Railway Company, its officers and agents, as well as a receiver of said corporation, recognized the title of intervenor, and that the receiver paid intervenor rent for the use of the land.

The defendant excepted to the allegations with regard to the action of the receiver and the exception was overruled.

The cause was tried without a jury and judgment was rendered in favor of the intervenor.

The evidence shows that the land was conveyed to Hunt while he was the president of the Rio Grande & Pecos Railway Company; that he executed for the purchase money his own promissory note, and that he subsequently paid the note and conveyed the land to a party through whom the intervenor holds its title; that the defendant's claim of title is through a sale under a decree foreclosing a mortgage executed by the Rio Grande & Pecos Railway Company upon "all of the lands and property owned by it on the 15th day of May, 1882, and all lands and property thereafter to be acquired by it."

A voucher was introduced tending to show that the purchase money note was paid by the Rio Grande & Pecos Railway Company.

Hunt testified as follows: "I purchased the block with several other blocks, paying my own funds for them and taking deeds in my own name, intending them for railway purposes when I was repaid the purchase

money, when I intended to convey to the railway company; that the railway company never paid him one cent of this money; that the railway company had not paid for a single foot of land; that he had bought and paid for all of it himself, and the railroad was in debt to him now for it; that he could not say how his note to Martin for the land in dispute came into the possession of the Rio Grande & Pecos Railway, but believed it had been stolen and attached to the voucher introduced in evidence."

Appellant's first assignment of error is that "The judgment is not supported by the facts proved, in that it was shown by the evidence that the intervenor acquired its claim to the property in controversy through transfers from A. C. Hunt, with notice of the rights of defendant, for whom said Hunt acquired said property and held the same in trust."

It does not become necessary for us to decide whether or not there was sufficient evidence before the court to authorize it to conclude that there existed between Hunt and the railway company a parol agreement for the sale and conveyance of the land by Hunt to the railway company, under which the latter had taken possession of and placed permanent and valuable improvements upon the land, such as would entitle it to a specific performance of the contract to convey.

Such relief could not be granted defendant under its plea of not guilty, and a case for it was not only not alleged in its special pleas, but was inconsistent with them.

The remaining errors assigned relate to the action of the court in not striking out the pleading of the intervenor and in not rejecting its evidence with respect to the recognition of its title by the receiver, and to the refusal of the court to reform its judgment upon defendant's motion for a new trial so as to allow the defendant to pay to Hunt the purchase money for the land, and so as to allow to it pay for its improvements.

We think that the rights of the true owner to the property could not be prejudiced by any act or admission of the receiver who had it temporarily in charge, and that the exceptions to the pleading as well as the objection to the evidence should have been sustained.

As the evidence failed to show a case for a judgment in favor of appellant for the value of its improvements under the provisions of the statute relating to the action of trespass to try title, and as no case was made by its pleading for other equitable relief, no other judgment than the one rendered would have been proper if the evidence with regard to the receiver had been excluded, and the error of its admission must therefore be held to be immaterial.

The judgment is affirmed.

*Affirmed.*