## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. G. W. MATLOCK.

### Decided December 22, 1906.

**1.—Defective Brief.**

Where assignments of error complain of the admission and exclusion of evidence, but the brief fails to disclose what objection was made to the evidence, the assignments will be overruled. And so of assignments which complain of the giving and refusing charges when the brief fails to point out the objections.

**2.—Verdict—Preponderance of Evidence.**

To warrant an Appellate Court in setting aside a verdict it must be made to appear that it is clearly wrong, and not merely against a fair preponderance of the evidence.

Appeal from the District Court of Montague County. Tried below before Hon. D. E. Barrett.

*Jas. A. Graham,* for appellant.

*E. J. Smith* and *Wilkins, Beaty & Vinson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee recovered a verdict and judgment against appellant for twenty-seven hundred and fifty dollars as compensation for personal injuries, from which this appeal is prosecuted. His employment at the time of the injury was that of pumper for appellant, and the negligence complained of was the sudden jerking of a passenger train on which he was riding to the water tank at Munster, Texas, which threw him off the platform of one of the cars and injured him both in body and mind. He had undoubted authority from appellant to ride on the train, the same being a regular passenger train, and it was the duty of the engineer to stop the train at the tank to let him off when requested by him so to do, and the evidence tended to prove and warranted the jury in finding that this request had been made, but that the engineer, instead of stopping the train, merely slowed it up and

negligently gave the sudden jerk which resulted in injury to appellee. The evidence also warranted the jury in finding that appellee was justified in taking the position he did on the platform of the car, and in riding there with a dinner pail in one hand and a bucket in the other.

The amount of the verdict was not complained of, which relieves us of the necessity of considering the extent of the injuries.

The issues raised both by the pleadings and the evidence were correctly and sufficiently submitted to the jury in the charge of the court, and there was no error in refusing special charges.

In the first, second, third, fourth and fifth assignments of error complaint is made of rulings on the admission and exclusion of testimony, but as the brief nowhere states what objection was made when the testimony was offered, by which alone such rulings are to be tested, no error is pointed out and these assignments are all overruled.

In the sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth assignments complaint is made of the court's charge and of the refusal to give special charges, but for the reason already stated these assignments are overruled. They perhaps should be overruled for the additional reason that the brief fails in nearly every instance to inform us, except by reference to the pages of the transcript, of the contents of the charges given and requested.

In the remaining assignments, seventeenth to twenty-fifth inclusive, complaint is made in various forms of the verdict, but always because "the evidence fails to show by a fair preponderance" the facts claimed to be essential to recovery, but something more than this would have to be shown to warrant us in setting the verdict aside. It should be made to appear that it was clearly wrong and not merely against a fair preponderance of the evidence.

Finding no merit in any of the numerous assignments of error, as presented in the brief, the judgment is affirmed.

*Affirmed.*

Writ of error refused.