FT. WORTH & D. C. RY. CO. v. PERRY.
(Court of Civil Appeals of Texas. Ft. Worth. April 13, 1912.)

1. APPEAL AND ERROR (§ 728*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error, complaining of the sustaining of objections to a letter offered in evidence, will be overruled, where it does not show what objections were made or that the court ever ruled on any objections.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3010–3012; Dec. Dig. § 728.*]

2. TRIAL (§ 260*) — INSTRUCTIONS ALREADY GIVEN.

In a personal injury action, where the court charged that if, after plaintiff's leg was injured, he failed to use such care as an ordinary person would have used in the medical treatment he received or in going to work in too short a time after injury and thereby contributing to his injury, he should not be allowed anything on account of the aggravation, the refusal of a special charge that, if the plaintiff was guilty of contributory negligence in the way he cared for himself and in the kind of work he did after his injury, no finding could be had against the defendant for such additional suffering or delay in the curing of the injury, was proper, being covered by the charge as given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 659; Dec. Dig. § 260.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by W. S. Perry against the Ft. Worth & Denver City Railway Company. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Spoonts, Thompson & Barwise, of Ft. Worth, and R. E. Taylor, of Henrietta, for appellant. W. T. Allen, H. A. Allen, and Wantland & Parrish, all of Henrietta, for appellee.

SPEER, J. This is a personal injury suit brought by W. S. Perry, the defendant in error, against the Ft. Worth & Denver City Railway Company in which he recovered a judgment, from which the defendant has prosecuted this writ of error.

[1] The first assignment of error complains that the court sustained objections to a certain letter written by defendant in error when the same was offered in evidence by plaintiff in error. But what objections were made and sustained is not stated, nor, indeed, does the statement following the assignment in any manner show that the court ever ruled on any objection of any character whatever. This being true, the assignment must be overruled. M., K. & T. Ry. Co. v. Matlock, 44 Tex. Civ. App. 565, 99 S. W. 1052; Willis v. Hatfield, 133 S. W. 929.

[2] The second assignment complains of the refusal to give the following special charge: "In this case the defendant has pleaded that the plaintiff was guilty of contributory negligence in the way and manner he treated and cared for himself and the treatment that he selected and secured, and also in the kind and character of the work he did after he received the injury and in not taking the proper care of the injury; and in this connection you are charged that if you find and believe from the evidence that, after the plaintiff received the injury complained of, he failed and refused to take the proper care of said injury, and you further find that such conduct was negligence upon the part of the plaintiff and contributed to the length of time the injury was hurting plaintiff, then in that event you cannot find against the defendant for such suffering or for such delay in the curing of such injury, and as to such delay in curing such injury you will find for the defendant." Upon this issue the court gave the following charge: "If you find for the plaintiff, and if you further find and believe that, after the plaintiff's leg was injured, the plaintiff failed to use such care and means as an ordinarily prudent person would have used under the same or similar circumstances to have his leg properly treated, or in the medical treatment he received, or in going to work in too short a time after he received such injury, and thereby contributed to his injury, then you are instructed that if you so find you will not allow plaintiff anything on account of said aggravated or increased injury." It is thus seen the charge actually given is more comprehensive and favorable to plaintiff in error than the requested charge.

There is no error in the judgment, and it is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes