## LEE et al. v. SIMMONS.

(Court of Civil Appeals of Texas. Austin. Oct. 30, 1912. Rehearing Denied Dec. 11, 1912.)

1. APPEAL AND ERROR (§ 742*)—REVIEW—BRIEFS—RULINGS ON EVIDENCE—REVIEW.

Rulings on evidence will not be reviewed on appeal, where appellant's brief fails to disclose the grounds of objection made at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. TRESPASS TO TRY TITLE (§ 41*)—FINDINGS.

In trespass to try title, evidence *held* to sustain findings that the numbers of certain surveys in controversy were changed in the Land Office by the commissioner, and that direction was given by him to the surveyor to make similar changes in the field notes to conform them to the land office record.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

3. APPEAL AND ERROR (§ 1029*)—REVIEW—PREJUDICE.

Errors of law alleged to have been committed at the trial of an action of trespass to try title would not justify a reversal of the judgment for defendant, where the record failed to show that plaintiff had any title to the land.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036; Dec. Dig. § 1029.*]

Error from District Court, Brown County; F. M. Newman, Special Judge.

Trespass to try title by Cumi Lee and others against T. N. Simmons. Judgment for defendant, and plaintiffs bring error. Affirmed.

C. L. McCartney, of Brownwood, for plaintiff in error. T. C. Wilkinson, of Brownwood, for defendant in error.

RICE, J. Plaintiffs in error brought this suit against defendant in error in trespass to

try title to recover 320 acres of land described as follows: About nine miles southwest from Brownwood, survey No. 4 in the name of the Gulf, Colorado & Santa Fé Railway Company, surveyed for the state of Texas, by virtue of certificate No. 3,152, beginning 384 varas S. 45° W. from the west corner of the F. M. Wilson pre-emption survey; thence N. 45° E., 1,056 varas, to the north corner of same; thence W. 369 varas, to the northeast corner of survey No. 287; thence S. 40¼° W., 3,144 varas, to the north corner of J. George survey; thence N. 45° E., 950 varas, to the north corner of W. J. Lee's pre-emption; thence S. 45° E., 950 varas; thence N. 45° E., 1,388 varas; thence N. 45° W., 950 varas, to the beginning. Defendant in error answered by general denial, pleas of not guilty, lis pendens, and res adjudicata. The case was tried by the court without the intervention of a jury, and judgment rendered in behalf of defendant in error, from which plaintiffs in error have appealed.

The court filed the following conclusions of fact and law:

## "Findings of Fact.

"(1) On March 30, 1881, the Commissioner of the General Land Office issued to the Gulf, Colorado & Santa Fé Railway Company certificate No. 3,152 for 640 acres of land. The certificate provides that lands granted should be located in alternate sections and surveyed in two sections of adjoining and connecting land, one for the state and the other for the company, and that for convenience the surveyor should number the surveys in pencil temporarily, but, when field notes were returned to the land office, the commissioner should number the surveys and report the result to the surveyor, who would fill up blanks in his record for that purpose, and that in dividing surveys fractions of over 320 acres should be counted as a whole section, and that two fractions of less than 320 acres should be regarded as a whole section, and that the even numbers should be reserved for the state and the odd numbers to the company. The following indorsements appear on the face of the certificate: '320 acres patented Nov. 15/83. D. N. Robinson, Chief Clk.' '320 acres patented Dec. 4/84. D. N. Robinson, Clk.'

"(2) By deed dated April 16, 1881, the railway company conveyed the said certificate to Robert Low, which deed was filed in land office April 9, 1883.

"(3) March 26, 1883, Robt. Low made a quitclaim deed to W. B. Cross 'of all my right, title and interest in and to a certain tract or parcel of land situated in Brown county, and this day filed on by me by virtue of certificate No. 3,152, issued to the G. C. & S. F. R. R. Company and more particularly described as beginning at the N. corner of W. J. Lee's pre-emption; thence S. 45° E.; thence N. 45° E.; thence with the lines of the surrounding surveys so as to include all the vacancy; one-half of said land to be located for the state of Texas and one-half for the said Robert Low.' This deed was filed for record in Brown county March 8, 1884.

"(4) On March 25, 1883, the surveyor of Brown county surveyed the body of land embraced in the description in the deed to Cross into two surveys, reciting each to contain 320 acres, each numbered, one (the land in controversy in this suit) as survey No. 3, and the other as survey No. 4. The field notes for the survey so numbered 3 were filed in land office April 9, 1883, and show to have been recorded in surveyor's office of Brown county in vol. B, p. 399, on March 29, 1883. The field notes in land office are indorsed, 'corrected on map of Brown county Septbr. 8/83,' and the survey number was changed in land office to 4, and same change was made in surveyor's records of Brown county. The surveyor's records of Brown county show that the survey number for the other survey (No. 4 as originally numbered by the surveyor) was also changed to 3. The tract that was changed from 4 to 3 by land office was patented to Robert Low, assignee of the Railway Company, on November 15, 1883. The tract that was changed from 3 to 4 (the land in controversy) has never been patented.

"(5) By deed dated ――――, W. B. Cross conveyed said patented land, survey 3, to W. J. Lee.

"(6) By special warranty deed, dated June 28, 1883, W. B. Cross conveyed said survey No. 4 (the land in controversy) to W. J. Lee, which deed was filed for record in Brown county June 30, 1883.

"(7) By special warranty deed dated November 28, 1893, W. J. Lee conveyed the land in controversy to plaintiffs in this case. This deed was not filed for record till August 22, 1904, and there was no evidence to show that any one except W. J. Lee, who was ever in any way connected with the land, had any knowledge or notice of this deed prior to time it was filed for record.

"(8) On his application to purchase the land in controversy as public school land, dated May 10, 1886, sworn to May 13, 1886, filed in land office June 8, 1886, the land was sold by the state land board to W. J. Lee May 20, 1886. This purchase was forfeited June 26, 1889, for nonpayment of interest for year 1886. The land was sold by the state as public school land to S. H. Hart May 12, 1899, on his application dated March 14, 1899, filed in land office March 15, 1899, at which time the land appeared on the records of land office classified as dry agricultural. By deed dated January 1, 1900, Hart conveyed to T. L. Hickson and the deed with Hickson's substitute obligation and application was filed in land office November 23, 1900. *On June 27, 1900, the Hart sale was*

canceled for abandonment and land awarded to W. J. Lee June 29, 1900, on his application dated June 27, 1900. On November 5, 1900, the said sale to Lee was canceled as erroneous, and the former sale to Hart reinstated.

"(9) Hickson conveyed 100 acres of the land to G. N. Harrison by deed dated December 27, 1907, and conveyed balance to King by deed dated November 26, 1904, and Harrison afterwards conveyed his interest to King, and King conveyed the whole to defendant.

"(10) I find in accordance with defendant's plea of lis pendens and res adjudicata in this cause that on November 20, 1900, W. J. Lee filed a suit in his own name in the district court of Brown county, Tex., against T. L. Hickson, which suit was for the identical land involved in this suit; that said suit was in the usual form of trespass to try title, and was styled 'No. 1763, W. J. Lee v. T. L. Hickson'; that upon a trial of said cause before a jury on January 3, 1903, a verdict was rendered for the defendant T. L. Hickson, upon which judgment was duly rendered and entered, which judgment is now in full force and effect; that W. J. Lee is the father of the plaintiffs herein, Clara Carey and Cumi Baygent; that the deed from said W. J. Lee to Clara Lee (now Carey) and Cumi Lee (now Baygent) the said plaintiffs herein, of date November 28, 1893, under and by which they claim title to said land from him has at all times since its date been in the actual possession and custody of said W. J. Lee, and was in his possession and custody, and unrecorded, during the entire time of the pendency of said suit, and its prosecution by him in his own name; that there is nothing to show that said T. L. Hickson ever knew of the existence of said deed, and that same was not filed for record until August 22, 1904, after the rendition of final judgment in said cause; that the defendant herein T. N. Simmons had no actual knowledge of said deed, and of plaintiff's claim to said land, at the time of his purchase of same.

## "Conclusions of Law.

"(1) The land in controversy became school land, but title to same did not pass to W. J. Lee by the deed from Cross to Lee.

"(2) The W. J. Lee purchase from the state in 1886, having been forfeited, and land sold to Hart and that purchase being now in good standing, and held by defendant, he is entitled to the land.

"(3) If the claim of plaintiffs under the W. J. Lee 1886 purchase from the state was not legally canceled by the forfeiture of said sale, then plaintiffs are bound by the judgment in the case of Lee against Hickson, and cannot now claim under the said Lee purchase."

We adopt and approve the foregoing conclusions, with the exception that we do not concur in the third conclusion of law reached by the trial court, which, however, we hold in no way affects the result reached.

Various assignments question the action of the trial court with reference to the introduction of certain evidence.

[1] A careful examination of the brief, however, fails to disclose what grounds of objection are made thereto, for which reason, under the rules prescribed for the preparation of briefs, we are not called upon to pass upon the error assigned. See rules 29 to 31 inclusive. To meet these requirements, the point of objection to the introduction or exclusion of evidence should be fully shown in the brief by the statement.

[2] The fifth, sixth, and seventh assignments, respectively, urge, first, that the court erred in his fourth finding of fact, to the effect that surveys 3 and 4 were changed, in that there was no legal evidence to show that the numbers of surveys 3 and 4 were changed, and further that there was no support in the evidence for the fourth finding that the land patented to Low was originally numbered 4 and changed to 3, and the sixth finding to the effect that the land conveyed to Cross by W. J. Lee was survey 4, instead of survey No. 3. We differ with counsel in this view, because we think the evidence does show that the changes were made in the land office by the commissioner, and that direction was given by him to the surveyor to make similar changes in the field notes of the respective surveys, thereby conforming same to the changes made in the land office, which appears to have been done; and the evidence amply supported the other finding complained of, for which reason we overrule these assignments.

[3] Without discussing the remaining assignments seriatim, we think it sufficient to say that if there be any error the same in our judgment is harmless, for the reason that the record fails to show any title whatever in plaintiffs to the land in controversy, and therefore no other judgment than the one entered could properly have been rendered. This being true, the judgment of the court below must be sustained. See Tucker v. Smith, 68 Tex. 473, 3 S. W. 671; I. & G. N. R. R. Co. v. Moody, 71 Tex. 614, 9 S. W. 465; Railway Co. v. Milmo, 79 Tex. 628, 15 S. W. 475; La Vega v. League, 2 Tex. Civ. App. 252, 21 S. W. 565.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.

JENKINS, J., not sitting.