## McCALL CO. v. ELLIOTT.

(Court of Civil Appeals of Texas. El Paso. June 12, 1913. Rehearing Denied Oct. 9, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Under an assignment that the court's finding that plaintiff authorized defendant to sell his rights under the contract sued on to a third person and in all things ratified such sale, accepted the third person in lieu of defendant, and released defendant from further liability was contrary to the evidence, propositions were urged that novation must have a consideration to support it which in such case would be an absolute discharge of the old contract or original debt, and otherwise it was not a novation or substitution, and that, unless the intention to make it a substitute for the old contract or debt was apparent in the new, it was not a novation. *Held*, that the assignment related to an issue of fact while the propositions related to questions wholly legal and were therefore not germane to the assignment and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

In considering assignments of error, the court is confined to the propositions urged in support thereof, and propositions not germane thereto cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF EVIDENCE.

Assignments that the court's findings were contrary to the evidence, which did not point out in what respect they were contrary to the evidence, were insufficient and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

4. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF EVIDENCE.

An assignment that the court erred in its conclusion of law because it was without evidence to support it, which did not point out in what respect the conclusion was unsupported by the evidence, was insufficient and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—RULINGS ON EVIDENCE.

Assignments complaining of rulings on evidence are not entitled to consideration where the brief fails to disclose the ground of objection urged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Midland County Court; J. H. Knowles, Judge.

Action by the McCall Company against George D. Elliott. From a judgment in its favor for an insufficient amount, plaintiff appeals. Affirmed.

J. M. Caldwell, of Midland, and Dedmon & Potter, of Ft. Worth, for appellant. Charles Gibbs, of Midland, for appellee.

HIGGINS, J. Appellee was engaged in the mercantile business in the town of Midland and on March 24, 1910, entered into a contract with appellant for the purchase and sale of certain supplies. On March 1, 1911, appellee disposed of his business to the Midland Mercantile Company. This suit was by appellant to recover a balance due upon account for supplies delivered to the Midland Mercantile Company after the date last mentioned. The case was tried before the court, and findings of fact and conclusions of law filed. On February 1, 1911, the unpaid balance for supplies sold and delivered to Elliott was 31 cents. A judgment for this amount was rendered in favor of appellant, and the question here involved is whether or not appellee is liable for a balance of $246.15 account supplies received by the Midland Mercantile Company after the last-mentioned date.

The eighth finding of fact is as follows: "That plaintiff authorized defendant to sell his said rights under said contract to Midland Mercantile Company and in all things

ratified said sale and accepted said Midland Mercantile Company in lieu of defendant under said contract and thereby released defendant from further liability under said contract, except for the payment to plaintiff of the goods sold by plaintiff to defendant prior to February 1, 1911, the unpaid balance of which amounted on February 1, 1911, to the sum of 31 cents."

[1] The first assignment of error is as follows: "The court erred in that the findings of the court in paragraph No. 8 of the findings of facts herein was contrary to the evidence produced upon the trial of said cause, wherein it finds that plaintiff authorized the defendant to sell his rights under said contract to the Midland Mercantile Company and in all things ratified said sale and accepted said Midland Mercantile Company in lieu of defendant and released the defendant from further liability, except the 31 cents found herein, which said error was called to the attention of the court in the sixth paragraph of the plaintiff's motion of new trial herein." The propositions urged in support of this assignment read: First: "Novation, like any other valid contract, must have a consideration to support it, which in such case would be absolute discharge of the old contract or original debt, otherwise it is not a novation or substitution." Second: "Unless the intention to make it a substitute for the old contract or debt is apparent in the new, it is not a novation."

[2] In the consideration of assignments of error we are confined to the propositions urged in support of the assignment, and propositions which are not germane to the assignment cannot be considered. The assignment of error under consideration questions the sufficiency of the evidence to support the court's finding of fact that appellant authorized appellee to dispose of his rights under the contract and ratified such sale and accepted the Midland Mercantile Company in the place of Elliott and released Elliott from further liability. This relates to an issue of fact pure and simple, whereas the propositions relate to a question wholly legal, and the two are in no wise germane. The assignment will therefore not be considered. Pullman Co. v. Vanderhoeven, 48 Tex. Civ. App. 414, 107 S. W. 147; Savage v. Umphries, 118 S. W. 893; Sullivan v. Solis, 52 Tex. Civ. App. 464, 114 S. W. 456; Weil v. Martinez, 124 S. W. 116.

[3] The assignment itself is further defective and insufficient in that it does not point out in what respect the finding of fact is contrary to the evidence. See cases cited in 2 Michie, Enc. Dig. p. 247 et seq.

The second assignment of error reads: "The court erred in that the finding of the court in paragraph 9 of the findings of fact is contrary to the evidence introduced upon the trial of this cause, wherein it finds that at the time of the sale of the defendant to the Midland Mercantile Company, with the knowledge and consent of the plaintiff, the plaintiff agreed to carry said stock supply with said Midland Mercantile Company as a standing credit to the Midland Mercantile Company in lieu of the defendant, and that the defendant was released from further liability to the plaintiff, which error was called to the attention of the court in paragraph No. 7 of the motion of new trial filed by plaintiff herein." Since the assignment does not point out in what respect the finding is contrary to the evidence, it is insufficient and will not be considered. Michie, Enc. Dig. supra.

[4] The third assignment cannot be considered for two reasons: First, because the proposition is not germane to the assignment; second, the assignment is to the effect that the court erred in his conclusion of law because the same was without evidence to support the same, and it is not pointed out in what respect the conclusion is unsupported by the evidence.

In view of the findings of fact of the trial court, the fourth assignment is overruled.

[5] Assignments complaining of rulings of the court on evidence are not entitled to consideration when the brief fails to disclose the ground of objection urged. Lee v. Simmons, 151 S. W. 868; Railway Co. v. Miller, 88 S. W. 499; Railway Co. v. Matlock, 99 S. W. 1052. For this reason the sixth assignment is not entitled to consideration. Nevertheless we have referred to the bill of exception in the record and are of opinion that the letter referred to was properly excluded upon the objections made.

The seventh, eighth, ninth, and tenth assignments complain of various findings of fact upon the ground that they are contrary to the evidence. The assignments do not point out in what respect the findings are contrary to the evidence and are therefore insufficient and will not be considered. 2 Michie, Enc. Dig. supra.

Affirmed.