ROIBAL et al. v. GIRON.

(Court of Civil Appeals of Texas. El Paso. June 19, 1913.)

1. MUNICIPAL CORPORATIONS (§ 225*)—PROPERTY—LAND GRANT—DEEDS.

A patent was issued pursuant to Special Laws 4th Leg. c. 6 (Gammel's Laws, p. 1362), which granted certain land to the inhabitants of the town of Presidio de San Elizario, and subsequently the town of Elizario was incorporated by special act (Sp. Laws 12th Leg. [2d Sess.] c. 42 [6 Gammel's Laws, p. 1221]), with limits coexistent with the boundaries of the grant. By Sp. Laws 22d Leg. c. 11 (10 Gammel's Laws, p. 1052), the corporation was abolished. Subsequently the present town of San Elizario was incorporated, but did not include the grant. *Held*, that a deed by the present corporation conveyed no title to the grant.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 626–641, 643; Dec. Dig. § 225.*]

2. APPEAL AND ERROR (§ 499*)—RECORD—RULINGS ON EVIDENCE—PRESENTATION FOR REVIEW.

An assignment of error complaining of the admission in evidence of "certain deeds and other instruments purporting to constitute a chain of title" could not be reviewed, where it did not appear from the bill of exceptions or otherwise what deeds and instruments were objected to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

3. APPEAL AND ERROR (§ 758*)—BRIEFS—RULINGS ON EVIDENCE—PRESENTATION FOR REVIEW.

An assignment of error complaining of the admission of evidence will not be reviewed where the ground of objection made is not disclosed by the statement under the assignment of error or elsewhere in the brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Concepcion Roibal and others against Gaspar Giron. From judgment for defendant, plaintiffs appeal. Affirmed.

Owen & Boykin and R. M. Reed, all of El Paso, for appellants. Stanton & Weeks, of El Paso, for appellee.

HIGGINS, J. [1] Appellants brought this action of trespass to try title seeking to recover 70.77 acres of land situate in El Paso county, part of four leagues of land granted to the inhabitants of the town of San Elizario by an act of the Legislature dated February 5, 1853. Sp. Laws 1853, p. 8; Gammel's Laws, p. 1362.

The facts as disclosed by the record are that, pursuant to the act mentioned, the Commissioner of the General Land Office on March 8, 1853, issued a patent granting to the inhabitants of the town of Presidio de San Elizario the above-mentioned four leagues of land. The town of Elizario was incorporated by act of the Legislature dated April 5, 1871, with limits coincident with the boundaries of said land grant. Sp. Laws 1871, p. 83; 6 Gammel's Laws, p. 1221. On March 23, 1891, the act of April 5, 1871, was repealed and the corporation of Elizario thereby abolished. Sp. Laws 1891, p. 24; 10 Gammel's Laws, p. 252. In November, 1906, the present town of San Elizario was incorporated under the general laws, but did not include the land in controversy. The boundaries of the corporation are described as one mile north from the town plaza, one mile south from the plaza, one-half mile

east from the plaza, and one-half mile west from the plaza. Appellants claim under a deed from the present town of San Elizario dated March 22, 1911. Upon trial before a jury a peremptory instruction against the appellants was given, and in accordance therewith verdict was returned and judgment thereon rendered.

The premises in controversy being situate without the limits of the present corporation, that body could not own or sell it, and no title passed to appellants by the deed above mentioned. Inquiry into the correctness of this view is foreclosed by the case of Reese v. Cobb (Sup.) 150 S. W. 887, recently decided by the Supreme Court. The peremptory instruction was therefore properly given.

[2] The seventh assignment complains of the action of the court in permitting appellee to introduce in evidence "certain deeds and other instruments purporting to constitute a chain of title to" the premises claimed by appellee. The bill of exception is wholly insufficient to inform this court what deeds and instruments were objected to, nor are we otherwise in any manner advised to what the objection relates. It would be mere surmise on our part to undertake to determine to what deeds and instruments objection was made. The assignment will therefore not be considered.

[3] It is not entitled to consideration for the further reason that the brief does not disclose the ground of objection urged upon the trial. Rulings on evidence will not be reviewed on appeal unless the statement under the assignment or the brief elsewhere indicates and discloses the grounds of objection made. Lee v. Simmons, 151 S. W. 868; Railway Co. v. Miller, 88 S. W. 499; Railway Co. v. Matlock, 44 Tex. Civ. App. 565, 99 S. W. 1052; McCall Co. v. Elliott, 158 S. W. ——, recently decided by this court, and not yet officially reported. Proper statements in a brief are required so as to expedite and lessen the labors of the court, and mere references to the record do not attain that result, and are not regarded as sufficient statements under rule 31 (142 S. W. xiii). Wirtz v. Railway Co., 132 S. W. 510; Walker v. Railway Co., 54 Tex. Civ. App. 406, 117 S. W. 1020; Railway Co. v. Lane, 118 S. W. 847; Broussard v. South Texas Rice Co., 120 S. W. 587; and numerous other cases cited in 3 Michie Enc. Dig. at pages 203 and 208.

The eighth and ninth assignments also relate to rulings of the court upon evidence and the brief does not state the grounds of objection urged, nor are the assignments otherwise supported by proper statements; under the authorities above cited, they are not entitled to consideration, and will not be considered.

Affirmed.

HARPER, J., did not sit in this case.