## STANDARD MILLING CO. v. IMPERIAL RICE CO.

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1913. On Rehearing, Nov. 20, 1913.)

1. TRIAL (§ 192*)—INSTRUCTIONS—ASSUMPTION OF FACTS.

Where, in an action for breach of a contract for the sale of rice, the undisputed evidence showed a breach in delivery, an instruction which assumed such breach was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

2. SALES (§ 418*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for breach of contract for delivery of various installments of rice sold is to be computed with reference to the market prices at the times when they should have been delivered.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

3. APPEAL AND ERROR (§ 742*)—PRESENTATION FOR REVIEW—SUFFICIENCY.

An assignment of error which refers merely to the record and is not supported by a proper statement will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 758*)—BRIEF—RULINGS ON EVIDENCE.

An assignment of error complaining of a ruling on evidence could not be considered, where the appellant's brief failed to disclose the grounds of objection made below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

5. ASSIGNMENTS (§ 137*)—ACTION BY ASSIGNEE—EVIDENCE.

Where, in an action for breach of contract for the sale of rice, plaintiff claimed as assignee of the contract under which defendant sold rice and the evidence showed that the alleged assignment was in fact a mere contract of sale which did not require that the rice delivered to plaintiff be that procured from defendant, a verdict should have been directed for defendant.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 234; Dec. Dig. § 137.*]

6. APPEAL AND ERROR (§ 274*)—BILL OF EXCEPTIONS—SUFFICIENCY.

A bill of exceptions, complaining of the admission in evidence of a letter, is insufficient to

present for review the admission of parol evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. § 274.*]

7. APPEAL AND ERROR (§ 742*)—BRIEF—SUFFICIENCY.

An assignment in appellant's brief, complaining of the admission of certain evidence, will not be considered, where it is supported by no statement, fails to state the objections made to the evidence, and for supporting propositions refers to propositions under other assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by the Imperial Rice Company against the Standard Milling Company. From judgment for plaintiff, defendant appeals. Reversed and remanded, and motion for rehearing overruled.

Campbell, Sonfield, Sewall & Myer, of Houston, for appellant. B. F. Louis, of Houston, for appellee.

HIGGINS, J. Appellant sold to C. E. Stacey, doing business under the name of the Farmers' Rice Company, 400 tons of rice bran, the contract of sale being evidenced by letter dated October 17, 1910, and reading as follows: "Farmers Rice Co., Houston, Texas—Gentlemen: We beg to confirm sale to you of 400 tons of rice bran at $13.90 per ton of 2,000 lbs. net to us f. o. b. cars our mill. This bran to be tagged; shipments 20 tons per week, you to furnish us shipping instructions at least three days ahead of required shipment. The first shipment to be made this week. Terms: Net cash upon delivery of the bran on board cars. This contract is written in duplicate. Please sign one and return to us, retaining the other for your files. Yours truly, Standard Milling Company." The Farmers' Rice Company sold to the Imperial Rice Company, a firm composed of Leo V. Hahn and T. F. Ryan, 400 tons of rice bran, the contract of sale being evidenced by letter dated October 19, 1910, and reading as follows: "Imperial Rice Co., Houston, Texas—Gentlemen: We beg to confirm sale to you of 400 tons rice bran at $14.00 per ton of 2,000 lbs. net to us, f. o. b. cars Houston, Texas. This bran to be tagged; shipments 20 tons per week, you to furnish us with shipping instructions at least three days ahead of required shipment. The first shipment to be made next week. Terms, net cash upon delivery of the bran on board cars. This contract is written in duplicate. Please sign one and return to me, retaining the other for your files. Yours truly [Signed] Farmers' Rice Co., per C. E. Stacey." Two hundred and seventy-nine tons were delivered by appellant to the Farmers' Rice Company under its contract of October 17, 1910, and this suit is by the Imperial Rice Company against the Standard Milling Company for alleged failure to deliver the balance of the 400 tons contracted to be delivered. The cause was tried before a jury, submitted upon special issues, and resulted in a judgment in appellees' favor in the sum of $375.10. It was alleged by plaintiffs that the contract between the Standard Milling Company and Farmers' Rice Company "was made by and in behalf of and for the benefit of the plaintiffs herein, the said Farmers' Rice Company acting in so doing at the request of and as agent of the plaintiffs, plaintiffs agreeing to pay said Farmers' Rice Company the sum of 10 cents per ton as brokerage in compensation for so doing and for procuring the delivery of said bran to plaintiffs, and that in addition to so acting as agent for plaintiffs, as alleged, the said Farmers' Rice Company, after making said contract with the defendant, Standard Milling Company, for a valuable consideration agreed to be paid by the plaintiffs to said Farmers' Rice Company, to wit, the sum of 10 cents per ton embraced therein, sold, transferred, and assigned to plaintiffs herein the said bran embraced in said contract, and all rights thereto, and said contract, and agreed for such consideration to immediately turn over to and deliver to plaintiffs all of said bran embraced in said contract, and to obtain delivery thereof from defendant company for plaintiffs." In response to a special issue the jury found that the contract was assigned to the appellees rather than having been made by Farmers' Rice Company for their benefit.

The first and second assignments of error are overruled, as special issue No. 2 does not assume either that the contract was made for plaintiffs' benefit, or that it was assigned to them. The form of the submission is not to be commended, but it presents no reversible error.

[1] The undisputed and admitted facts show that, to the extent of 13 tons at least, appellant breached the contract, and therefore there was no error in so assuming a breach in delivery, as there was no issue in this respect. The third assignment is therefore overruled.

The fourth assignment is overruled because there is no material variance as is here contended for. The finding of the jury is that the contract was breached after April 8, 1911, and not in April, as is stated by appellant.

[2] The fifth assignment, relating to the measure of damage, is sustained. Where delivery is to be made in installments, the measure of damage for breach in delivery of the various installments is to be computed with reference to the market price at the time at which the various installments should have been delivered. Ullman v. Babcock, 63 Tex. 68; Hewson-Herzog Co. v. Minn. Brick Co., 55 Minn. 530, 57 N. W. 129; York v. Lusk, 45 Kan. 182, 25 Pac. 646; 35 Cyc. 637.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[3] The sixth assignment is not considered because unsupported by proper statement. We are referred merely to the record.

In view of a reversal, the seventh assignment, complaining of the amount of the verdict, need not be considered.

[4] The eighth assignment relates to a ruling on evidence. Such assignments will not be considered where appellant's brief fails to disclose the grounds of objection made at the trial. Lee v. Simmons, 151 S. W. 868; Ry. Co. v. Miller, 88 S. W. 499; Ry. Co. v. Matlock, 99 S. W. 1052; Roibal v. Giron, 158 S. W. 798, recently decided by this court. We are not even referred to the number of the bill of exception taken to the admission of the testimony, nor is the page of the record given where it may be found.

[5] Special charge No. 1, peremptorily instructing a verdict in favor of appellant, should have been given. There is no evidence in the record of an assignment to appellees by the Farmers' Rice Company of the contract which it entered into with appellant. The letter of October 19th of the Farmers' Rice Company to the Imperial Rice Company is a sale of 400 tons of rice bran, and is in no sense a mere assignment of the other contract. It may be that the parties contemplated that the rice obtained by the Farmers' Rice Company from appellant would be used in filling this latter contract, but the instrument, upon its face, does not so disclose. The testimony of Stacey and Hahn, while it indicates that they contemplated so using the 400 tons obtained from appellant, yet Hahn's testimony shows very clearly that it made no difference to his firm where the 400 tons came from, called for by the contract between the Farmers' Rice Company and the Imperial Rice Company. The ninth assignment is therefore sustained.

[6] The tenth assignment is overruled. The bill of exception shows that objection was made to admission in evidence of a certain letter, while in support of the assignment it is here urged that certain parol evidence was inadmissible. The bill of exception, therefore, does not support the contention made in the brief.

[7] The eleventh assignment, complaining of the admission of certain evidence, is not considered because: (1) It is not supported by any statement whatever; (2) it relates to a ruling on evidence, and the brief does not set forth the objections which were urged against its admission (see authorities last cited above); (3) for propositions in support of the assignment, reference is made to propositions under other assignments. This is not a proper method of briefing, and will not be permitted. San Antonio Foundry Co. v. Drish, 38 Tex. Civ. App. 214, 85 S. W. 440.

For the same reason the twelfth and thirteenth assignments are not considered.

The fourteenth assignment is not considered because it is not supported by sufficient statement.

Neither is the fifteenth considered, because unsupported by proper statements and propositions.

Reversed and remanded.

## On Rehearing.

It is insisted that this court erred in sustaining the fifth assignment relating to the measure of damages, because under the pleadings and evidence it appears that the original contract for delivery in installments had been changed by subsequent agreement. This contention was clearly in mind when the original opinion was written. It was deemed not well taken, because the evidence does not show that the contract for delivery in installments was changed. It merely shows that delivery had been by agreement postponed. With that exception the contract remained as originally made, and the measure of damages is as stated in the original opinion. We make this further explanation in view of a retrial, so that the trial court may be advised fully in the premises.

The motion for rehearing is overruled.