### EDWARDS v. YOUNGBLOOD.

(Court of Civil Appeals of Texas. Amarillo. Jan. 3, 1914. Rehearing Denied Jan. 31, 1914.)

1. APPEAL AND ERROR (§ 302*)—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL.

Under Rev. Civ. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136, so as to provide that assignments of error on a motion for a new trial shall constitute the assignments of error, assignments of error filed separate from a motion for new trial, and not in the same form as the assignments contained therein, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

2. JUSTICES OF THE PEACE (§ 174*)—PLEA OF PRIVILEGE—WAIVER.

Under County and District Court Rule 24 (142 S. W. xix), providing that all dilatory pleas shall be tried at the first term to which the attention of the court shall be called there-to, unless passed by agreement of the parties with the consent of the court, and that all such pleas shall be called before the issue is tried, a plea of privilege, filed in justice's court in a cause appealed to the county court in June, 1909, and there tried de novo, with judgment in 1913, not brought to the attention of the court, was waived.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

3. APPEAL AND ERROR (§ 302*)—ASSIGNMENTS OF ERROR—CONFORMITY TO MOTION FOR NEW TRIAL.

An assignment of error on appeal that the judgment against defendant was contrary to and not supported by the testimony did not conform to an assignment of error in the motion for new trial that judgment was contrary to and not supported by the preponderance of the testimony, and hence would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

4. APPEAL AND ERROR (§ 1012*)—REVIEW—QUESTIONS OF FACT.

The Court of Civil Appeals is not authorized to set aside the judgment of a trial court merely because it is apparently against the weight and preponderance of the testimony; but, in order to do this, the judgment must be so manifestly against the weight and preponderance of the evidence as to be clearly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.

Under Rule 31 (142 S. W. xiii), requiring the statement to be faithfully made in reference to the whole of that of which is in the record having a bearing upon the proposition, a statement under the proposition that the declarations of defendant's alleged agent were inadmissible to prove agency, they purporting to be all the evidence on the question of agency, and referring to a purported telephone conversation, in which defendant authorized an agent to incur certain expenses, was insufficient, where it appeared from the statement of facts that the agent informed defendant by telephone that plaintiff would mail his account to him; that defendant had made two payments on plaintiff's claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—RULINGS ON EVIDENCE—STATEMENT.

Rulings on evidence will not be reviewed on appeal, unless the statement under the assignments, or the brief elsewhere, discloses the ground of objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. PRINCIPAL AND AGENT (§ 123*)—ACTION AGAINST PRINCIPAL—SUFFICIENCY OF EVIDENCE.

In an action by an undertaker against defendant for expenses incurred by direction of defendant for his agent in caring for the body of defendant's salesman, evidence *held* sufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

Appeal from Wilbarger County Court; J. B. Copeland, Judge.

Action by T. J. Youngblood against C. H.

Edwards. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 160 S. W. 288.

Cecil Storey and L. P. Bonner, both of Vernon, for appellant. W. D. Berry, of Vernon, for appellee.

HENDRICKS, J. In this cause T. J. Youngblood sued J. A. Dearing and C. H. Edwards, in the justice court of precinct No. 1, Wilbarger county, Tex., and upon recovery of judgment in that court the cause was appealed by the defendants to the county court of said county, the county judge trying the cause without the assistance of a jury, and rendering judgment in favor of the plaintiff, the appellee in this court, for the full amount sued for. On October 18, 1913, this court, upon the motion of appellee, ordered appellant's assignments of error stricken from his brief, on account of a noncompliance with the act of the Legislature of April 4, 1913 (Acts 33d Leg. c. 136), which provides that, when a motion for a new trial has been filed the assignments therein shall constitute the assignments of error, and also upon other grounds not necessary to mention. Thereafter this court, upon request, permitted appellant to rebrief his cause on the assignments contained in the motion for new trial, and the case is before us on the new brief filed by appellant and the original brief of the appellee and an additional brief by the latter in replication to the new brief of appellant, Edwards.

[1] Appellant has reproduced several assignments of error in his new brief not based upon the assignments in his motion for a new trial, which this court, under its former ruling in this same case, are unable to consider, and will only consider the assignments of error in the motion for new trial, brought forward in the brief for a review of the cause.

The first assignment of error challenges the action of the trial court in "overruling the defendant's plea of privilege * * * because the evidence shows that the defendant, C. H. Edwards, was at the time of the institution of this suit * * * a resident citizen of precinct No. 1, Dallas county, Tex.," said specification of error followed in said assignment by an argumentative presentation, based upon the testimony why the defendant's plea of privilege should have been sustained. The mandatory feature of the statute is such that we were impelled to eliminate assignments of error not a part of the motion for a new trial in this cause, and the request was granted for a rebriefing and a representation of appellant's theory of the case, based upon his assignments in said motion for new trial, on the ground that at the time of the trial of the case the law declaring that the assignments of error in the motion should constitute the assignments in the cause had not then been published; and

we will be prone to overlook the deficiencies in the particular assignments which could have been cured by new assignments, if the statute had not held appellant to the assignments in the motion. The assignments are multifarious, argumentative, intermixed with conclusions of fact, presenting distinct and different specifications of error; but the objections of appellee based upon such deficiencies are all overruled. The appellant, Edwards, however, does not exhibit any statement whether the plea of privilege was properly framed for the purpose of meeting the issue. By going to the record we find a good plea.

[2] It is also disclosed that this cause was appealed to the county court from the justice court some time in June, 1909, and that judgment was rendered in that court the 24th day of April, 1913, where, of course, the cause was to be tried de novo. We notice that the justice of the peace continues the cause without prejudice to the plea of privilege. When a cause is appealed to the county court it stands upon the docket of that court as any other appearance case, under the statute. Rule 24 (142 S. W. xix), prescribed by the Supreme Court for the government of county and district courts, says: "All dilatory pleas and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of the parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried." The Supreme Court of this state, in the case of Aldridge v. Webb, 92 Tex. 124, 46 S. W. 225, held that: "Said rule 24 is based upon the assumption that the party will present the pleadings, etc., at the time the court is thus required to act, and requires that they shall then be tried, '*unless passed by agreement of the parties with consent of the court*,' and further that they shall be 'disposed of before the main issue on the merits is tried.'" The Supreme Court of this state used rather broad language in connection with the plea of privilege, and further said: "We think as indicated above, that the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted required it to act in the particular case, and that his failure to do so is a waiver thereof." Justice Tarleton said, in the case of Spencer v. James, 10 Tex. Civ. App. 332, 31 S. W. 542, the court did not "err in failing to sustain appellant's personal plea to the jurisdiction of the court in cause No. 466. It appears that this plea had been filed on July 29, 1892; that two terms of the district court had passed without any attempt by appellant to invoke the action of the court thereon. He must be deemed to have waived it had it been meritorious, if duly presented."

Under the rule it is the duty of the actor, in the plea of privilege, to call the same to the attention of the court; otherwise it is waived unless the right of presentation at a future term is preserved, which is not presented in this record. We think the plea of privilege, for this reason alone, should have been overruled.

It seems that one Midgett was killed in a hotel at Vernon, Wilbarger county, conducted by one J. A. Dearing. Youngblood, the appellee herein, through his agents, took charge of the body, claiming that they did so at the instance and request of Dearing, the proprietor of the hotel, representing one C. H. Edwards at Dallas, by whom Midgett had been employed as a drummer, selling pianos.

There is testimony in this record by the witnesses Underwood, Albright, and Clapp, employés of Youngblood, to the effect that the body of Midgett was prepared for burial on account of the statements and declarations of Dearing, and that the statements of Dearing were the result of a long-distance telephone communication with Edwards at Dallas. As an illustration, Underwood says: "I talked with J. A. Dearing about the matter before I took charge of the remains; he said that he had a call in for C. H. Edwards, and would know in a few minutes who would be responsible for the expense of preparing the body for burial. Mr. Edwards (defendant) called and talked with Dearing and he, J. A. Dearing, came out of the booth and came to the door and said that Mr. Edwards said have the body prepared and shipped to Dallas, and send the bill to him, and he would pay it."

[3] The appellant complains "that the court erred in rendering [judgment] against this defendant in favor of the plaintiff because said judgment is contrary to and not supported by the testimony in this case." The corresponding portion of the assignment in the motion for new trial is as follows: "The court erred in rendering judgment against this defendant in favor of the plaintiff, because said judgment is contrary to and not supported by the preponderance of the testimony in this case." A judgment without testimony, and one not supported by a preponderance of the testimony, present distinct and different specifications of error, well illustrated by the Supreme Court, in numerous cases upon applications of writ of error to that tribunal in its distinctions with reference to its own jurisdiction.

[4] It is not necessary to cite authorities that a Court of Civil Appeals is not authorized to set aside the judgment of a trial court merely because such judgment is apparently against the weight and preponderance of the testimony, but that in order to do this, the judgment must be so manifestly against the weight and preponderance of the evidence as to be clearly wrong. Of course, our revisory power is to set aside a judgment where there is no evidence, and often to render such judgment as the court below should have rendered is a question of law, arising from an entire lack of evidence.

[5] Contained in the second assignment of error is another specification of error, complaining of the admission of the testimony of the witnesses Underwood, Albright, and Clapp and his proposition under same is as follows: "The declarations and statements of an alleged agent are not admissible for the purpose of proving agency, until [it] is shown, neither are the declarations of an alleged agent admissible as against the principal to prove the fact of agency"—an abstract proposition of law, rather correctly stated. The statement which appellant purports to be all the evidence on the question of agency, sustaining the proposition and specification of error in the assignment last mentioned, is, with reference to the purported telephone conversation between Dearing and Edwards, claimed by Underwood, Albright, and Clapp to have been reproduced by Dearing after the latter left the telephone booth. Appellant says in his argument the court must have based his decision almost entirely upon the testimony of the three witnesses named, "for outside of the testimony of said witnesses, no witnesses testified to any fact or circumstance tending remotely to show that Edwards authorized Dearing to contract said debt, * * * or on his own part authorized the services to be performed and the burial material to be furnished." The statement and argument of counsel does not properly reflect the record; it is in plain violation of rule 31 (142 S. W. xiii), which says that "this statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition," etc. The statement of facts specifically show that Dearing informed Edwards over the telephone to Dallas that the undertaker would mail the account for undertaking expenses to him; that Edwards sent Dearing a check for $9.50 to pay the drug bill that Midgett owed Ferguson; that Dearing directed that the bill be sent to Edwards, and that it was so sent; that appellant received the bill and made two payments of $10 each upon the account; that Dearing directed Underwood, the agent of Youngblood, to take charge of the body immediately after he talked with Edwards. We presume, of course, that the appellant is so impressed with the strength of his position and the lack of evidence from any fact or circumstance in the record on this point, from his viewpoint, is the reason that he did not make the statement "in reference to the whole of that which is in the record having a bearing upon said proposition." An appropriate nonpartisan and complete statement, however condensed it may be, is very often the meat of the case; there is no more important rule to be complied with by the brief maker.

[6, 7] The evidence of Edwards is that

Dearing informed him that the bill for the undertaking expenses would be mailed to him; liability was not repudiated by Edwards for quite a while after the bill was mailed, and, on the other hand, two payments, as stated, were made at different times by Edwards upon this account, and it is not shown that they were made in a spirit of compromise, or with any reservation as to liability; and we have to presume, as an inference of fact, that the same was done before a repudiation of liability—we are unable to presume that Edwards denied liability and then paid part of the account—business men do not generally deny liability and make installments of payment without explanation. The two payments upon the account are in direct consonance with the theory that Dearing informed him, Edwards, that the bill for undertaking expenses would be mailed to him, for the reason that a statement that a bill is to be mailed to a party implies that the party who mails the bill regards the other party liable, and that a charge is made. Payment could be inferred as in recognition of this fact; men do not generally pay accounts gratuitously, and without recognition of an obligation. Appellant may say that the testimony shows that Dearing informed Edwards that the bill was to be mailed after burial expenses had already accrued and the body was in preparation of shipment to Dallas; however, it is just as susceptible of the construction as an inference upon plaintiff's theory of the case that Dearing's statement to Edwards as to the mailing of the account was made the evening before, and the fact that Edwards says he delivered the account to Mrs. Midgett on receipt does not destroy the other inference. We are inclined to think that there is other testimony supporting the doctrine of liability and agency in the case.

The cases of Lee v. Simmons, 151 S. W. 868, Ry. Co. v. Miller, 88 S. W. 499, Ry. Co. v. Matlock, 44 Tex. Civ. App. 565, 99 S. W. 1052, and Roibal v. Giron, 158 S. W. 798, lay down the rule that: "Rulings on evidence will not be reviewed on appeal unless the statement under the assignments, or the brief elsewhere, indicates and discloses the grounds of objection"—the grounds are not stated by appellant under the second and third assignments of error, even in his new brief.

The third assignment of error has a subjoined proposition that where the record shows that the trial judge based his decision upon incompetent testimony, and where there is not sufficient legal testimony upon which to sustain the judgment, it should be reversed; this particular assignment recites that there is no testimony that defendant, Edwards, in any way authorized plaintiff to incur the undertaking expenses; "that the witness J. A. Dearing testified that this defendant never at any time authorized him to make any statement to the plaintiff, or any one else, to have the body prepared for burial and send him the bill, and he would pay it." There is evidence of liability and also of the authorization of Dearing as agent, aside from declarations. While Edwards testified that he did not authorize Dearing to make any statement to the undertaker for the preparation of the body, however, he did say, as before stated, that Dearing informed him that the bill would be sent to Edwards for the undertaking expenses. Appellant argues in this assignment that the two payments could not bear on the liability of the defendant Edwards, for the reason that the evidence shows that they were sent to plaintiff by Mrs. Midgett, wife of the deceased; the statement of facts does not show it. The statement under this assignment, with reference to other evidence showing liability, does not contain salient testimony on the question of liability and agency—the same inadequacy as to this statement as the statements under the second proposition. Neither does the statement disclose in any manner that the trial judge based his decision upon incompetent testimony, and used it for an incompetent purpose, and the partisanship and inadequacy of the statements are such as to preclude us from reaching into the record and making a statement for that purpose. We think that a close consideration of all the testimony and inferences deducible therefrom warranted the trial court in rendering the judgment which he did. The Supreme Court of Wisconsin, in the case of Roebke v. Andrews, 26 Wis. 321, in commenting upon testimony, the declarations of agents in negotiating the purchase of some oxen, said: "Such statements by them were not proof of the fact of agency. It would be necessary to prove that fact in some other way, or to connect the defendant with the consummation of the bargain. But it is still true that whatever bargain was made, if any, was negotiated by those parties. What that bargain was, with whom and by whom it was made, could only be proved by showing what was done and said in its actual negotiation. If they professed to act for the defendant, that fact entered into and formed a part of the negotiation itself, and gave it character. It was a part of the res gestæ, and was admissible as such, though without something further it would have no binding effect upon the defendant." The judgment of the trial court is affirmed.

HALL, J., not sitting.