JOSEPH D. JOHNSON'S ADM'RS. v. CADWALLADER W. CHENEY.

Where there was an entry of dismissal " as per agreement filed," and said agreement was an agreement for arbitration, and contained a recital that said cause had been " dismissed by the plaintiffs, so that the matters and things in controversy might be adjusted in accordance with the provisions of the Act of the Legislature of Texas, passed 25th April, 1846," it was held that said order was merely a suspension of the ordinary proceedings, to give place to the proceedings under the agreement to arbitrate, and that upon refusal of the arbitrators to act, or the discovery of the fact that the agreement to arbitrate was invalid, the cause remained in Court, to be disposed of in the ordinary course.

It would seem that an administrator has no power to submit to arbitration claims in favor of his intestate.

Where a cause is inadvertently dismissed, it may, upon sufficient cause shown, after notice to the adverse party, be reinstated at the next Term of the Court.

The defendant being represented in Court, and having the opportunity afforded him to contest the application, (to reinstate a cause dismissed at the previous Term,) it could make no difference to him, and it can make none as matter of practice, that the application was by motion, instead of by petition. The form of the application is immaterial, so that the opposite party has timely notice, and the opportunity afforded him to contest it.

Appeal from Rusk. Tried below before the Hon. William W. Morris.

Suit commenced by appellants against appellee, Nov. 15th, 1853. On the 18th day of the Spring Term, (which commenced on the ninth Monday after the third Monday in March, 1855,) there was an entry as follows: Now come the plaintiffs by their attorneys, and dismiss this case as per agreement filed. It is thereupon considered by the Court, that the defendant recover of the plaintiff all costs in this behalf expended, and that this judgment be certified to the County Court to be paid by said plaintiffs in due course of administration.

The agreement referred to was an agreement to arbitrate, which had been filed February 8th, 1855. It commenced as

follows : Whereas a suit has been pending in the District Court for said county, wherein Alexander Dixon as administrator and Mary J. Johnson administratrix of the estate of Joseph D. Johnson, deceased, are plaintiffs, and Cadwallader W. Cheney is defendant, which has been dismissed by the plaintiffs, so that the matters and things in controversy therein may be adjusted in accordance with the provisions of an Act of the Legislature of Texas, passed 25th April, 1846, &c.

On the 22nd of February, 1855, the award of the arbitrators was filed, showing that being unable to agree, they had appointed an umpire. The award was in favor of plaintiffs for $554 and was signed by all the arbitrators.

On the 18th day of the Spring Term, 1855, the Court set aside the award on application of the defendant, for mistake, and referred the case back to the same arbitrators. The arbitrators met several times, but made no progress, and sometime after August 13th, 1855, met and agreed to decline a re-investigation of the case ; which they certified to the Clerk.

On the 7th of December, 1855, the plaintiffs moved to re-instate the cause on the docket, on the grounds

1st. That the suit was dismissed under the impression that the matters in controversy would be settled by arbitration.

2nd. Because the arbitrators refused to arbitrate the matter after it was re-committed to them.

On the next day plaintiffs moved " to amend the judgment of dismissal, *nunc pro tunc,* as improperly entered upon and in direct violation of the agreement."

These motions were overruled, and plaintiffs appealed.

*F. W. Bowden,* for appellants.

*M. Casey* and *Stedman,* for appellee.

WHEELER, J. The question presented by this appeal is,

whether the Court erred in refusing the plaintiffs' motion that the cause be re-instated and proceed to trial as if there had not been a submission of it to arbitration. The order of the pre-ceding Term, which is relied on as excluding the power of the Court over the case, states that it is dismissed by the plaintiffs, "as per agreement filed." The agreement here referred to was the agreement to submit the decision of the case to the award of arbitrators, and states that the case "has been dismissed by the plaintiffs, so that the matters and things in controversy therein may be adjusted in accordance with the provisions of an Act of the Legislature of Texas, passed 25th of April, 1846." The object of the order of dismissal is thus apparent. It was not really to discontinue or dismiss the plaintiff's suit; but only to refer the decision of it to arbitrators, instead of the Court and jury. It evidently was not intended that the plaintiff should go out of Court, and take nothing by his suit; and the order does not contain the usual formula to that effect. But the intention was that the trial, instead of proceeding before the Court, should be before the arbitrators chosen by the parties. It seems to have been erroneously supposed, that it was necessary, for that purpose, that the suit should be formally dismissed. But neither the Court nor the parties appear to have considered that the Court had lost its jurisdiction of the case. For upon the coming of the award, they proceeded to litigate under the style of the case as it had previously stood upon the docket; and upon setting aside the award, the Court referred the case back to be decided by the arbitrators, under the agreement of submission. It plainly was not within the contemplation of the Court, or the parties, that the suit was determined by the order of dismissal, or that the Court had thereby lost its power and jurisdiction over the case, though that order had been entered. It manifestly was not intended to have and, we think, did not have, the ordinary effect of dismissing a suit; that of putting a party out of Court, and ending the litigation in that suit. In point of fact, the lit-

.igation was continued before the arbitrators in vacation, under the style of the case as it stood in Court, as the record shows. The litigation was still pending ; and so, we think, was the suit, actually and potentially, though nominally dismissed. The entry of the order of dismissal, under the circumstances, did not, in our opinion, operate a discontinuance of the suit. Such, doubtless, would have been the effect of suspending the litigation in Court under the Common Law practice ; for there, if the plaintiff leaves a chasm in the proceedings of his case, the suit is discontinued, and he must bring his action anew. But the severity of this rule has been relaxed in our practice (Gillespie's Admr. v. Redmond, 13 Tex. R., 9,) and it has been held that where a case was improperly dismissed, it might be re-instated at a subsequent Term. Thus in Garrett v. Gaines, (6 Tex. R. 435,) where the Judge inadvertently dismissed a suit for the want of prosecution, which he was incompetent to try, this Court held that it was rightly re-instated at a subsequent Term. There is not any difference in principle between that case and this. The only difference is, that, in that case, the inadvertence or mistake was committed by the Court ; here it was by the parties, under the supposition on the part of the Court and parties, that a final decision of the case might be obtained by their submission of it to arbitration. Under the circumstances, there is no more reason to hold that the order or entry operated a discontinuance, and put an end to the suit in this case than in Garrett v. Gaines. In Payne v. Metz (14 Tex. R. 56) we held that where the award of arbitrators was set aside,—and the rule ought to hold equally when the arbitrators refused to act, the Court having previously obtained cognizance of the case,—the Court ought to proceed to a final adjudication of the matters in litigation between the parties. When, therefore, at the succeeding Term, the arbitrators reported their resolution to decline further action, the Court, if satisfied that the case could not be decided under the submission. as it would seem it could not, (Yarborough v. Leggett.

14 Tex. R. 677,) ought to have re-instated the case, and permitted the trial to proceed in the ordinary way.

To hold the order of dismissal a final disposition of the case, and conclusive upon the plaintiffs, under the circumstances, would be contrary to the intention of the parties and extremely inequitable and unjust. But if it were held that the case was in fact and in effect dismissed, the plaintiffs could not be denied redress, upon the facts which the record discloses. It would operate a fraud upon them, to permit the defendant to hold on to the legal advantage thus obtained by action taken with his concurrence, and without any fault of the plaintiffs. If the discovery that the proposed arbitration would be impracticable, or ineffectual, had been made during the Term, and the plaintiffs had then moved to re-instate the case, it will not be contended that it could, with any justice or propriety, have been denied them. And the only ground on which their application can have been denied, is that it was not made during the Term. But we have held that a party may entitle himself to the grant of a re-hearing or new trial after the Term, by showing sufficient cause to have entitled him to a new trial, if applied for at the Term, and a sufficient legal excuse for not having then made his application. (Goss v. McLaran, *supra*, and case cited.) In this case sufficient appeared by the record of the proceedings before the Court to entitle plaintiffs to a reconsideration and revocation of the order of dismissal ; and it further appeared that they had a sufficient excuse for not having sooner made their application. They could not be required to make their application before the occasion for it had arisen. They, then, were entitled to have their application granted upon the same principle on which a re-hearing or new trial may be granted after the Term. The defendant being there represented in Court, and having the opportunity afforded him to contest the application, it could make no difference to him, and it can make none as matter of practice, that the application was by motion instead of petition. The

form of the application is immaterial, so that the opposite party has timely notice, and the opportunity afforded him to contest it.   Regarded then as an original proceeding, in the nature of a petition for a new trial, after the Term, the motion to·reinstate ought to have prevailed.   We are of opinion, therefore, that the Court erred in refusing to reinstate the case, and permit the trial to proceed ; and that the judgment be therefore reversed and the cause remanded.

Reversed and remanded.