## MUTUAL LIFE INS. ASS'N OF TEXAS, NO. 1, v. GARVIN.

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1911.)

1. CONTINUANCE (§ 26*)—ABSENCE OF WITNESS—DILIGENCE.

Defendant applied for a continuance of the second trial of an action for absence of a witness, who had been present and testified in detail at the first trial, which occurred more than a year before. The witness was not a resident of the county, but was temporarily sojourning in another state for his health. No effort had been made to take his deposition, and by agreement the stenographic notes of his testimony on the first trial were read as his evidence on the second. *Held,* that the motion was properly denied for lack of diligence.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

2. TRIAL (§ 194*)—REQUEST TO CHARGE—WEIGHT OF EVIDENCE.

In an action on a policy, a request to charge that a custom, if any, of accepting overdue payments of dues and assessments from members in good health, did not waive a subsequent default by a sick member, was properly refused as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

3. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—FORM—RULES.

Assignments of error not followed by propositions, and which were not propositions in themselves, and which were not followed by a statement of the facts pertinent thereto with reference to the pages of the record where the facts could be found, as required by Court of Appeals Rule 31 (67 S. W. xvi), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by W. C. Garvin against the Mutual Life Insurance Association of Texas, No. 1. Judgment for plaintiff, and defendant appeals. Affirmed.

Hood & Shadle, for appellant. Stennis & Wilson, for appellee.

---

RICE, J. This suit was brought by appellee against appellant to recover the sum of $1,000, upon a certificate of insurance issued by appellant to Sadie Garvin, the wife of appellee, who it was alleged died on the 13th of February, 1908, at which time she was a member in good standing in said association, having paid all dues and assessments made against her by it. Appellant denied the allegations of the petition, further pleading that said Sadie Garvin at the time of her death was not a member in good standing in said association, not having paid the December, 1907, dues, and not having paid assessments Nos. 11 and 12 for said year within 15 days after she had been notified that they were due on which account, it was alleged, she had been suspended from membership in said association, and her said certificate of insurance canceled. The plaintiff replied that if it was true that she did not pay said assessments within the time prescribed, after she was notified that they were due, that appellant could not complain for the reason that it was the general custom and usage of said association to allow more than 15 days after the receipt of such notice of any assessment in which to pay same. A trial before the court with a jury resulted in a judgment in favor of plaintiff for the sum of $913. A motion for new trial having been overruled, and notice of appeal entered, the case has been brought to this case for review.

[1] The first assignment urges that the court erred in overruling appellant's motion for a continuance. This was the second motion for a continuance and was based on the absence of W. C. McFall, who was shown to have been president, general manager, and bookkeeper of the defendant association at the time the transactions in question occurred; but it appeared that he was not connected with appellant at the time of this trial, and had not had any connection with it for several years. At the first trial of this case, occurring over a year before the present trial, this witness was present and testified in detail. He was not a resident of Parker county at the time of the present trial, but had removed to El Paso county, and was then temporarily sojourning in Shreveport, La., on account of his health. Stenographic notes of his testimony on the first trial, by agreement, were read in behalf of appellant, and the issues on this trial were the same as those on the first. While it is true that it appears that said witness had promised counsel for appellant that he would attend the trial, and was shown to have been absent on account of illness, still no effort was made to take his depositions in the interim between the two trials, for which reason no diligence is shown to obtain the tes-

timony of this witness. Besides, it appears that appellant had the benefit of his testimony and suffered no injury. For which reasons we think the court properly overruled said motion to continue; furthermore, this was a matter within the discretion of the court, and it does not appear that the same was abused. See National Bank v. Thomas, 118 S. W. 221; W. U. Tel. Co. v. Johnsey, 49 Tex. Civ. App. 487, 109 S. W. 251; G., C. & S. F. Ry. Co. v. Hays, 40 Tex. Civ. App. 162, 89 S. W. 29; G., C. & S. F. Ry. Co. v. Robinson, 79 S. W. 827; Berry v. Burnet, 23 Tex. Civ. App. 558, 56 S. W. 769.

[2] By the second assignment it is urged that the court erred in refusing to give special charge No. 2, to the effect that the custom, if any, of accepting overdue payments from members in good health, did not waive a subsequent default by a sick member. Appellant insisted that this charge should have been given, because while the custom had been shown, extending the time of payment, it was not made to appear that this custom applied to a sick member in default. There was no pleading on the part of the defendant, however, to this effect. It is urged on the part of appellee that, since there was no pleading by appellant that this custom did not obtain as to sick members, no issue as to this feature was raised, and therefore the charge was not applicable. He likewise contends that the charge was upon the weight of the evidence. While not holding that it was necessary on the part of appellant to plead this matter before evidence could be offered in support of such contention, still we think the charge was open to the objection that it was upon the weight of the evidence, and for that reason, if for no other, was properly refused.

[3] Appellee objects to the consideration of the three remaining assignments of error, because they are in violation of the rules, in this: That none of them are followed by propositions, nor are they propositions within themselves, nor submitted as such, and none of them are followed by a statement of the facts pertinent thereto, and no reference is made to the page or pages of the record where such facts may be found. An inspection of the brief shows that this contention is true, for which reason we are not permitted to consider these assignments. See Rule 31 (67 S. W. xvi); G., C. & S. F. Ry. Co. v. St. John, 88 S. W. 297; Guerguin v. McGown, 53 S. W. 585; Mansfield v. Neese, 21 Tex. Civ. App. 584, 54 S. W. 370; Mayfield v. Robinson, 22 Tex. Civ. App. 385, 55 S. W. 399.

Finding no error in the record, the judgment of the court below is, in all things, affirmed.

Affirmed.