HILL et ux. v. NEESE.

(Court of Civil Appeals of Texas. Dallas. Oct. 25, 1913.)

1. ARBITRATION AND AWARD (§ 8*)—AGREEMENT TO ARBITRATE—JURISDICTION OF COURTS.

An agreement to submit a controversy to arbitration which had not been reduced to writing did not deprive the courts of jurisdiction of such controversy; no steps having been taken to perfect the agreement or to carry it into effect.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 29; Dec. Dig. § 8.*]

2. APPEAL AND ERROR (§ 1040*)—ERROR—CURE.

Defendant was not prejudiced by the sustaining of a demurrer to his special answer, where evidence as to the matters embraced therein was admitted under the general issue and submitted to the jury, which found the facts against him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

3. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—REJECTION OF EVIDENCE.

The rejection of evidence, the admission of which would not have affected the verdict, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

4. APPEAL AND ERROR (§ 1058*)—EXCLUSION OF EVIDENCE—CURE BY SUBSEQUENT ADMISSION.

The exclusion of part of a deposition was not prejudicial, where all of the excluded testimony which was relevant was subsequently testified to by the witness whose deposition was involved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

5. APPEAL AND ERROR (§ 760*)—BRIEFS—REFERENCE TO RECORD.

Where the court was referred by appellant to "bill of exceptions No. ———," the page of the record not being given, the court would not search the record to find such bill.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by Chester W. Neese against L. S. Hill and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Morrow & Morrow, of Hillsboro, for appellants. H. C. Bishop, of Hubbard, and R. M. Vaughan, of Hillsboro, for appellee.

RAINEY, C. J. This suit was brought by appellee against appellants to rescind a contract of exchange of property, wherein appellee sold to appellants an automobile, for which appellants transferred to appellee certain vendor's lien notes. The grounds for a rescission were false representations made to appellee by T. B. Wharton, agent of appellants, in effect that said notes were executed as a part of the purchase money for 58¾ acres of land; that said land was all good, smooth, black land; that 30 acres were in cultivation, and same had thereon one three room house, a good barn, two wells of water, one at barn and the other at the house, and that two acres of land were in orchard; that said representations as to the quality of and improvements on the land were false, but believed to be true by appellee, etc. Appellants answered by general demurrer, general denial, and specially that he purchased the land from one Creswell, without having seen it, and it was represented as good, smooth, black land, and improved as represented by Wharton; that he knew nothing about the land, and Wharton was instructed to so inform purchasers, and that at the time the exchange was made appellee knew that appellant had never seen the land, and that said representations were made upon what appellants had been told. The case was submitted upon special issues, and upon return of the jury's answers the court rendered judgment for appellee to the effect of canceling said contract of exchange, and that he have judgment for the value of the automobile and $480 for the use and hire thereof, and appellee was directed to deliver the notes involved to appellant. From this judgment Hill and wife appeal.

[1] The first assignment presented by appellants is: "The court erred in sustaining a general demurrer to the defendant's plea setting up the fact that he and plaintiff had made an agreement to arbitrate the controversy between them, which error was called to the court's attention in subdivision No. 1, in defendant's motion for new trial." The plea that "this cause should abate because the parties have agreed to submit the controversy to arbitration under the common law" does not state a good cause for the abatement of the suit. The plea does not show that such agreement had been reduced to writing, nor does it show any steps had been taken to perfect the agreement. No effort is shown to have been made to carry the agreement into effect, therefore the court was not deprived of jurisdiction to hear and determine the controversy. Cox v. Giddings, 9 Tex. 44; Johnson v. Cheney, 17 Tex. 336; Athletic Club v. Lumber Co., 18 Tex. Civ. App. 169, 44 S. W. 10.

[2] No injury resulted to appellant from the action of the court in sustaining a demurrer to the third division of his answer, which was to the effect that appellant had purchased the land from one Creswell without having ever seen it, and upon the representations that its condition as to quality and improvements, etc., was as heretofore stated; that appellee had notice of the true condition as to appellant's knowledge, etc., and was not thereby deceived. Appellant was allowed to introduce evidence under the general issue in reference to the matters embraced in said special answer. The court submitted such an issue to the jury, and the appellant re-

ceived the benefit of all of said answer as though a demurrer thereto had not been sustained. The jury evidently did not believe appellant's testimony, for it found against him on every material issue involved in the controversy, and the appellant was in no way harmed by the action of the court.

The foregoing .applies to the question raised by the fourth assignment, and said assignment is overruled.

[3] Assignments 5 and 6 relate to the rejection of evidence by the court, the admission of which in no way affected the verdict of the jury, and the said assignments are overruled.

[4] The seventh assignment is: "The court erred in refusing to permit the defendant .to introduce in evidence the part of the ex parte depositions of L. S. Hill which were taken by the plaintiff, and which part was not introduced by plaintiff, the plaintiff having introduced a part of said deposition, dated September 10, 1912, namely, the first, second, third, fourth, fifth, sixth, and eighth questions and answers which error was called to the court's attention in subdivision No. 7, in defendant's motion for new trial." All the testimony of Hill that was excluded and which was relevant to any issue was subsequently testified to by Hill while on the witness stand, and the exclusion of the testimony complained of worked no injury to appellant.

[5] The court did not err in excluding the depositions of Hill in reference to who turned the notes over to Wharton and Sullivan. We think the evidence clearly shows that Wharton and Sullivan were the agents of Hill, and that Mrs. Hill consented to the disposition of the notes. The materiality of said testimony does not appear. The court is referred to "bill of exceptions No. ————." The page of the record is not given, and the court will not search the record to find it.

The evidence supports the verdict and judgment.

No reversible error appears in the record, and the judgment is affirmed.