DARBY et al. v. WHITE.

(Court of Civil Appeals of Texas. Galveston. March 2, 1914. Rehearing Denied March 19, 1914.)

1. JUDGMENT (§ 656*)—WHAT CONSTITUTES CONCLUSIVE JUDGMENT.

On the sustaining of exceptions to the original petition, plaintiff filed an amended petition, containing some of the allegations to which exceptions were sustained, and defendants presented an exception in the nature of a plea of res judicata, asserting that the former ruling of the court was conclusive on the question of the sufficiency of the allegations of the amended petition. Held, that the order sustaining the exceptions being interlocutory, because it made no final disposition of the cause, it was not a conclusive judgment, and defendants, if dissatisfied with the second petition, should have urged exceptions thereto, and directly assigned the error of the court in overruling them.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1167; Dec. Dig. § 656.*]

2. APPEAL AND ERROR (§ 553*)—RECORD—BILL OF EXCEPTIONS.

Under court rule 55 (142 S. W. xxi), providing that the rulings upon motions for continuance can be reviewed only when exception is reserved and presented in a proper bill, the overruling of a motion for a continuance cannot be considered, where it was only preserved in the minutes of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2461, 2462, 2465–2471; Dec. Dig. § 553.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

Where the statement subjoined to an assignment of error complaining of the admission of testimony did not refer to any bill of exceptions, or disclose what objections, if any, were urged to the admission of the testimony, it cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error complaining of the charge cannot be reviewed where neither the assignment nor the statement contained the charge excepted to, or its substance, or directed the appellate court as to the page in the record where it could be found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

Appeal from District Court, Wharton County; Samuel J. Styles, Judge.

Action by T. J. White against W. G. Darby and W. T. Reed. From a judgment for plaintiff, defendants appeal. Affirmed.

W. S. Strickland, of Eagle Lake, and W. L. Hall and G. G. Kelley, both of Wharton, for appellants. A. J. Wirtz, of Eagle Lake, and Ring, Carothers & Brown, of Houston, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

McMEANS, J. This suit was brought by appellee, T. J. White, against appellants, W. G. Darby and J. T. Reed, to recover damages for breach of contract. He alleged, in substance, that he made a contract with appellants, by the terms of which the appellants leased to him 200 acres of land for the year 1910, and agreed to furnish him seed rice for planting the same, three wells and pumping plants, and fuel oil to operate the pumps, and also agreed to repair the tenant house on the premises for the occupancy of appellee; that appellee agreed to plant the land in rice, cultivate and harvest the crop, to operate the pumps and water the rice crop; that by the terms of the contract it was agreed that the crop should be divided into two equal parts, one to belong to appellants and the other to appellee. It was further alleged that appellee took possession and began preparation to put in the crop, but that appellants breached their agreement, whereby appellee was damaged in the sum of $3,600. The appellants answered by general demurrer, several special exceptions, general denial, and certain special defenses unnecessary to be stated in the view we take as to the proper disposition to be made of this appeal. A trial before a jury resulted in a verdict and judgment for appellee for $500, and appellants Darby and Reed have appealed.

[1] At the first term of the court after this suit was filed the defendants filed a general demurrer to the original petition, which was afterwards overruled, and several special exceptions, the second to the effect that the petition did not set out the correct measure of damages, and the third that the damages alleged by plaintiff were too remote, speculative, uncertain and indefinite to entitle him to recover, and these special exceptions were sustained. Plaintiff then took leave to amend, and at the next term filed an amended original petition. To this the defendants also urged a general demurrer; and, claiming that the amended petition contained substantially the same allegations as the original, they presented an exception in the nature of a plea of res judicata, asserting that the former ruling of the court on special exceptions to the original petition was conclusive on the question of the sufficiency of the allegations of the amended petition. They also presented the same special exceptions to the amended petition as were urged against the original. All these exceptions were overruled, and appellants' first assignment of error is predicated upon the action of the court in refusing to sustain their exception in the nature of a plea of res judicata. No question is otherwise made as to the action of the court in overruling the special exceptions. We think the assignment cannot be sustained. It is clear that the order sustaining the exceptions to the original petition was interlocutory, because it did not make, nor attempt to make, a final disposition of the case. This being true it was incumbent upon defendants when the amended petition was filed, if they were not satisfied with its sufficiency, to urge such exceptions as they might deem necessary, and, if aggrieved by the action of the court in refusing to sustain the same, that action should have been directly assigned as error. This was not done. Hill v. Nolan (Civ. App.) 147 S. W. 365; Texas Land Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Webb v. Reynolds (Civ. App.) 160 S. W. 154.

[2] The second assignment is based upon the refusal of the court to grant defendants' motion for a continuance. The order of the court overruling this motion was entered in the minutes, and the exception is there noted. This minute of the proceedings of the court below did not make the application for continuance a part of the record. Under rule 55 (142 S. W. xxi), the action of the court upon motions for continuance can be revised here only when exception is reserved and presented in a proper bill. As no such exception was taken in this case, this assignment of error presents nothing to be considered by this court. Railway v. Mallon, 65 Tex. 117; Posey v. Lumber Co. (Civ. App.) 142 S. W. 931; Cranfill v. Fidelity & Dep. Co. (Civ. App.) 143 S. W. 233; Railway v. Blackburn (Civ. App.) 155 S. W. 625.

[3] The third assignment is predicated upon the action of the court in admitting certain testimony in behalf of plaintiff over defendants' objection. The assignment is not presented in such a way as to require us to consider it, in that the statement subjoined does not refer to any bill of exceptions, nor does it disclose what objections, if any, were urged, or that any exceptions were reserved. Holland v. Closs (Civ. App.) 146 S. W. 671; Autrey v. Linn (Civ. App.) 138 S. W. 197; Lee v. Simmons (Civ. App.) 151 S. W. 868; Hill v. Neese (Civ. App.) 160 S. W. 314.

[4] The fourth assignment purports to assail the court's charge on the measure of damages. This assignment is not presented in accordance with the rules, and cannot be considered. Neither the assignment nor the statement contains the charge objected to, nor is its substance given, nor are we directed to the page of the record where the charge can be found. Mansfield v. Neese, 21 Tex. Civ. App. 584, 54 S. W. 370; Horseman v. Coleman County (Civ. App.) 57 S. W. 304; Railway v. McClain, 80 Tex. 92, 15 S. W. 789.

The fifth assignment complains that the verdict of the jury is contrary to the law and the evidence in the respects pointed out in the assignment. We think it is sufficient to say, in disposing of this assignment, that we have carefully considered the evidence brought up in the record, and, while we will not set it out, it is sufficient, we think, to justify the verdict rendered. The record discloses no reversible error, and the judgment of the court below is affirmed.

Affirmed.