M. PIOWATY & SONS v. WYCHE et al.
(No. 5833.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1917.)

APPEAL AND ERROR &⇒272(1)—BILL OF EXCEPTIONS — TIME FOR FILING — RULE OF COURT.

Under rule 55 (142 S. W. xxi) for the government of district and county courts, providing that the rulings of the trial court on applications for continuance can only be reviewed through bills of exception, where suit was filed June 17, 1916, defendants filed answer July 4th, and applied for continuance July 18th, that the sureties on defendants' bond might be made parties, and bill of exceptions to the action of the court in overruling the motion for continuance was filed October 13th, the cause having been tried July 18th and the term ending July 22d, no order having been entered extending the time in which to file bill of exceptions, the assignment of error to the court's denial of continuance cannot be sustained; entering an exception in the judgment not being sufficient to bring the matter up for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1615, 1619.]

Appeal from Dimmit County Court.

Suit by R. E. Wyche and others against T. W. Courtney, wherein M. Piowaty & Sons were given notice of a landlord's lien. From a judgment for plaintiffs, M. Piowaty & Sons appeal. Affirmed.

Ed H. Wicks, of San Antonio, for appellant. Vandervoort & Johnson, of Carrizo Springs, for appellees.

FLY, C. J. Appellees sued T. W. Courtney on a promissory note in the sum of $500, being the rental price for 100 acres of land planted by said Courtney in onions. It was alleged that the onions were raised and duly harvested. It was further alleged that appellants were given due notice of a landlord's lien on the onions, and they agreed in writing to protect the claim of appellees and give it priority over all others. Appellants admitted that they had agreed to protect the interest of appellees, but sought to have the sureties on a certain bond given to them by Courtney, in which he agreed to indemnify them against any loss on account of the payment of any debt against said Courtney, by said appellants, made parties to the suit. An exception was sustained to the answer, and judgment by default was rendered against Courtney and on the pleadings and evidence against appellants in the sum of $556.

This suit was filed on June 17, 1916. On July 4, 1916, appellants filed their answer, and on July 18, 1916, an application for a continuance in order that the sureties on the bond might be made parties was filed. The bill of exceptions to the action of the court, in overruling the motion for a continuance was filed on October 13, 1916. The cause was tried on July 18, 1916, and the term ended on July 22, 1916. No order was entered extending the time in which to file bills of exception. Rule 55 for the government of district and county courts (142 S. W. xxi) provides that the rulings of the trial court on applications for continuance can only be reviewed through bills of exception. The rule is supported by a long list of authorities. Entering an exception in the judgment is not sufficient. Darby v. White, 165 S. W. 481. The assignment of error cannot be sustained.

The judgment is affirmed.

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes