ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. JOHNSON. (No. 1859.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 22, 1917.)

1. RAILROADS ⬅️480(3) — FIRES — ACTIONS— BURDEN OF PROOF.
To rebut the prima facie case made out by showing that the fire emanated from a railroad company's locomotive, it is not necessary for the company to establish by preponderance of the evidence that its employés in charge of the locomotive exercised ordinary care to prevent the escape of sparks therefrom.

2. APPEAL AND ERROR ⬅️1064(1)—REVIEW— HARMLESS ERROR.
In such case error in the charge imposing such burden of proof on the railroad company was not harmless.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by Earnest Johnson against the St. Louis Southwestern Railway Company of Texas. From a judgment, defendant appeals. Reversed and remanded.

Marsh & McIlwaine, of Tyler, E. B. Perkins, of Dallas, and W. W. Sanders, of Gilmer, for appellant. W. R. Stephens, of Gilmer, and Simpson, Lasseter & Gentry, of Tyler, for appellee.

LEVY, J. The suit is by appellee to recover damages to property, which was occasioned by fire communicated by one of the appellant's engines. The defendant, besides denial, pleaded that its engine was equipped with the best and latest improved spark arrester, in good order and repair, and was carefully and skillfully handled. The case was submitted upon special issues. Question No. 4 was:

"Did the employés of defendant railway company in charge of its locomotive or engine No. 523 exercise ordinary care in the handling and operation of its said locomotive and engine that set out the fire in passing plaintiff's property on the day the same was destroyed by fire to prevent the escape of sparks of fire therefrom?"

And the following special charge was given:

"You are at the request of plaintiff charged that in answering question No. 4 it devolves on defendant to show by a preponderance of the evidence the affirmative, and if it has not done so you will answer same in the negative."

[1, 2] Error is predicated upon the special charge, upon the ground that "a preponderance of the evidence" placed too great a burden on the defendant in rebutting a prima facie case made out by showing that the fire emanated from its locomotive. The assignment should be, it is concluded, sustained. Railway Co. v. Starks, 109 S. W. 1003; Railway Co. v. Gregory, 142 S. W. 656; Railway Co. v. Morgan & Bros., 146 S. W. 337. And the error in the charge may not, it is believed, in this case be held harmless error. Railway Co. v. Dickey (Sup.) 187 S. W. 184.

The judgment is reversed, and the case remanded for another trial.