**POWELL et al. v. TOLBERT et al.**
**(No. 10675.)**

(Court of Civil Appeals of Texas. Fort Worth. May 17, 1924. Rehearing Denied June 21, 1924.)

1. **Continuance** ⊗═46(5)—**Application for continuance for absent witnesses and to examine deed records held not to show diligence.**

An application for continuance to secure attendance of absent witnesses and for time to enable defendants to examine deed records in a suit to quiet title was subject to criticism for lack of a sufficient showing of diligence to procure testimony of such witnesses, where no steps had been taken to procure their depositions, and allegations as to what their testimony would be involved conclusions, and for lack of diligence in investigating records which defendants desired to inspect, and failure to show whether such records contained anything material to the defense.

2. **Appeal and error** ⊗═520(4)—**Denial of continuance no ground for complaint where no exceptions taken.**

As a motion for continuance is not properly a part of record in appellate court in view of district and county courts rules 53 and 55, in absence of a bill of exceptions appearing in record, an appellant cannot complain of trial court's action in denying a motion to continue cause.

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ⊜⟶907(3)—Correctness of judgment presumed where no statement of facts in record.**

Where there · is no statement of facts in record, every presumption will be indulged in favor of correctness of trial court's judgment.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by Cora A. Tolbert and others against Annie B. Powell, Mrs. Nellie Overly, and others. Judgment for plaintiffs, and the named defendants appeal. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellants.

Freeman, McReynolds & Hay, of Sherman, for appellees.

DUNKLIN, J. Mrs. Cora A. Tolbert and Mrs. Emma C. Elliott, joined by their respective husbands, instituted this suit to recover title to four tracts of land situated in Montague county. The suit was against Mrs. Annie B. Powell and Mrs. Nellie Overly, who were personally served with citation and who filed answers, and against several other persons who were cited by publication, some of whom were represented by an attorney appointed by the court, and the plaintiffs' suit as against the others was later dismissed.

It was alleged that the defendants were all asserting claim of title 'to the land, the nature of which claims was unknown to the plaintiffs, but which claims created a cloud on plaintiffs' title, which they sought to have canceled and removed. Plaintiffs' petition included the claim of title under the 3, 5, 10, and 25 years' statutes of limitation, as well as a claim of title under a regular chain of transfers back to the state.

According to plaintiffs' pleadings, B. B. Yarborough was the common source of title of plaintiffs and defendants, Mrs. Annie B. Powell and Mrs. Nellie Overly. Those defendants were granddaughters of said B. B. Yarborough. Plaintiff Mrs. Cora Tolbert had been married twice. Her first husband was W. H. Yarborough, Jr., deceased, who was the son of B. B. Yarborough. Plaintiff Mrs. Emma C. Elliott is the daughter and only child of said W. H. Yarborough, deceased. Plaintiffs claim title under and through a deed executed by B. B. Yarborough for himself and as executor of the estate of his deceased wife to W. H. Yarborough, Jr.

In their pleadings, the defendants alleged that the deed from B. B. Yarborough to W. H. Yarborough, Jr., was not made for the purpose of conveying title, but for the purpose of putting the same in trust for all the heirs of the grantor, and that W. H. Yarborough held title for that purpose. It was further alleged that they were the lawful heirs of the two other sons of B. B. Yarborough, and that said two sons died before the death of B. B. Yarborough; that therefore the defendants were entitled to an interest in the land in controversy as heirs of B. B. Yarborough, deceased.

In their supplemental petition, plaintiffs alleged that B. B. Yarborough died in the year 1901, leaving a last will and testament, by the terms of which he willed to defendant Mrs. Annie B. Powell, then Annie B. Yarborough, 200 acres of land, and devised the residue of his estate in equal portions to his sons, W. H. and Peter Yarborough, and defendants Mrs. Nellie Overly and Mrs. Annie B. Powell; that the will contained a provision to the effect that if the legatees should attempt to violate the provisions of the will "or to recover or disturb the title or possession of any ,property heretofore conveyed by me to any of my children or grandchildren, then such of my legatees shall take nothing under this will, but his, or their share of my estate shall go to such of my legatees herein named as acquiesce in the disposition of my property heretofore and herein made." It was further alleged that the defendants accepted the property so devised to them by said will and thereby elected to abide by its provisions, and that consequently they are estopped to dispute the validity of the conveyance from B. B. Yarborough to his son, W. H. Yarborough, which had been made by B. B. Yarborough.

This suit was instituted on November 28, 1922, and the case was tried and judgment rendered on January 16, 1923. The judgment was in favor of the plaintiffs as against the defendants Mrs. Tolbert and Mrs. Elliott for title to the property and canceling and removing all clouds upon the title by reason of the claims of title by those two defendants. From that judgment, Mrs. Overly and Mrs. Powell have prosecuted this appeal.

When the case was called for trial, appellants presented an application for continuance, which was overruled, and the only assignments of error presented here are addressed to that ruling. The grounds for a continuance consisted in allegations to the effect that Mrs. Mollie Yarborough, Dr. I. P. Gunby, and C. B. Dorchester who resided in Grayson county, and Dr. J. E. Gilchrest, who resided in Navarro county, were all material witnesses for the defendant, and that defendants had not had sufficient time to procure their testimony. It was alleged that Mrs. Mollie Yarborough would testify "that said land was conveyed in trust [by B. B. Yarborough to W. H. Yarborough], and that nothing of value was paid therefor by the said W. H. Yarborough," and that said witness and Dr. Gilchrest would both testify to the effect that B. B. Yarborough was mentally incapacitated to make a legal conveyance of his property at the time he executed said deed to W. H. Yarborough. It was further

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

alleged that Mrs. Mollie Yarborough was unable to attend court by reason of illness. As a further ground for continuance, it was alleged that it was necessary for the defendants to examine the deed records of several counties in order to properly support the defenses urged in their pleadings, and that they had not had sufficient time to make such investigations.

Plaintiffs filed a contest of the motion, which was verified by one of plaintiffs' attorneys, in which it was alleged that. Mrs. Mollie Yarborough, named in defendants' application for continuance, had actually aided and assisted the defendants in their investigation of the facts, including an investigation of the deed records and probate records in Grayson county, where all the instruments which were in her possession affecting the title were not only available to the defendants, but were of record in Grayson county and Montague county; that counsel for all parties had agreed that the original records or certified copies thereof could be introduced in evidence by either party; that no effort had been made to take the depositions of Mrs. Mollie Yarborough, and plaintiffs denied that she was unable or unwilling to attend court. Plaintiffs further excepted to the sufficiency of the application with respect to the desired testimony of the witnesses C. B. Dorchester, Dr. I. P. Gunby, Mollie Yarborough, and Dr. J. E. Gilchrest for lack of a showing of what those witnesses would testify. They also excepted to the sufficiency of the application for lack of a showing of diligence.

The judgment of the court contains this recital:

"The defendants Mrs. Nellie Overly, a widow, and Mrs. Annie B. Powell and her husband, R. E. Powell, having been legally cited to appear and answer, and having filed their respective answers in this suit, appeared in person and by attorney, and filed their motion for a continuance, which having been heard and considered by the court was in all things overruled; whereupon said defendants in open court announced that they waived a jury trial, that they desired to introduce no evidence, waived objections to testimony offered by plaintiffs, and withdrew from the courtroom and participation in the trial."

The record contains no bill of exception to the action of the court in overruling the motion to continue.

[1] We are of the opinion that the application for continuance was subject to the criticism that it lacked a sufficient showing of diligence to procure the testimony of witnesses named, in that no steps had been taken to procure the depositions of those witnesses, all of whom resided in counties other than that wherein the suit was pending, and that the allegations as to what their testimony would be involved conclusions rather than specific facts from which those conclusions could be drawn. We think that there was a lack of a sufficient showing of diligence to investigate the records which defendants desired to inspect. Furthermore, there was no showing as to whether or not those records contained anything material to the defense, the effect of the allegation being merely that defendants desired to make an investigation which might or might not disclose evidence material to the defense.

[2] But, aside from the foregoing observations, appellants are in no position to complain of the ruling of the court in refusing to continue the cause, since the record contains no bill of exceptions taken to that ruling. Rule 53, for district and county courts, provides that no bill of exception shall be taken to a judgment of the court upon matters which, at common law, constitute the record proper in the case. In rule 54 it is provided that no bill of exception shall be required to charges given by the court or to the refusal of the requested charges which are filed. Rule 55 reads as follows:

"The rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon the admission or rejection of evidence, and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions, signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise."

It thus appears that the motion for continuance filed by the appellants is not properly a part of the record in this court; and it is well settled by the decisions that in the absence of a bill of exception appearing in the record an appellant is in no position to complain of the action of the trial court in denying a motion to continue the cause. T. & P. Ry. Co. v. Mallon, 65 Tex. 117; Texas City Terminal Co. v. Thomas (Tex. Civ. App.) 178 S. W. 707; Moore v. Denham (Tex. Civ. App.) 199 S. W. 1175; Darby v. White (Tex. Civ. App.) 165 S. W. 481; G., H. & S. A. Ry. Co. v. Harris Bros. (Tex. Civ. App.) 211 S. W. 256.

[3] Furthermore, there is no statement of facts in the record, and it is a familiar rule that in the absence of a statement of facts every presumption will be indulged that is in favor of the correctness of the judgment, at all events.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.